IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Molly Harris-Gordon,                        Case No. 3:09CV2700

           Plaintiff

v.                                        ORDER

Mortgage Electronic
       Registration Systems, et al.,

           Defendants

This is a *pro se* suit by a borrower against the putative holder of her mortgage, a mortgage registration company, a bank and the attorneys who represented the registration company in foreclosure proceedings in the Lucas County, Ohio, Court of Common Pleas. Pending are: 1) defendant Law Offices of John D. Clunk Co., L.P.A. ("law firm")'s motion to dismiss (Doc. 8); 2) plaintiff's motion for default judgment (Doc. 13); and 3) defendants Wealthbridge Mortgage Corp. ("mortgage holder") and Mortgage Electronic Registration Systems ("registration system")'s respective motions to strike plaintiff's motion for default judgment. (Docs. 15, 20).

For the reasons that follow, defendants' three pending motions shall be granted and plaintiff's motion shall be stricken.

The gravamen of plaintiff's complaint appears to be varieties of fraud. Plaintiff has not, however, pled fraud on the law firm's part with adequate particularity.

Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead allegations of fraud with particularity. Pursuant to this requirement:

1

at a minimum the fraud claimant should allege "the parties and participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud."

*Stone v. Mehlberg*, 728 F. Supp. 1341, 1351 (W.D. Mich. 1989) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).

Plaintiff's *pro se* status does not relieve her of the duty to meet the minimal requirements for alleging fraud. *Id.*

Plaintiff's claims against the law firm must, accordingly, be dismissed.

Plaintiff has filed notices of default as to the mortgage holder and registration system. They seek to have those notices stricken on the basis that plaintiff has failed to perfect service of process on them.

That contention is well taken. Rule 4 of the Federal Rules of Civil Procedure requires plaintiff to serve a summons and copy of the complaint properly on each defendant. *See also id.* at (h) (describing service of process on a corporation). Plaintiff herself, however, may not serve process, because she is a party to this proceeding. *Id.* at (c)(2).

Plaintiff has failed to accomplished proper service here.

Defendants' motions to strike are thus granted, and plaintiff's motion for default judgment shall, accordingly, be stricken.

It is, therefore,

ORDERED THAT:

1. The motion of defendant Law Offices of John Clunk Co., L.P.A. to dismiss (Doc. 8) be, and the same hereby is, granted;

2. The motions of defendants Wealthbridge Mortgage Corp. (Doc. 15) and Mortgage Electronic Registration Systems (Doc. 20) to strike plaintiff's motion for default judgment be, and the same hereby are, granted; and

3. Plaintiff shall perfect service of process pursuant to the Federal Rules of Civil Procedure on defendants by March 30, 2010, or show cause why her complaint should not be dismissed for want of prosecution, with prejudice.[1]

So ordered.

                                                       s/James G. Carr
                                                       James G. Carr
                                                       Chief Judge

---

[1] Plaintiff's complaint also lists MILA, Inc. as a defendant, and describes it as a "foreign banking institution doing business in the State of Ohio." (Doc. 1, at 3). Plaintiff unsuccessfully attempted to serve MILA initially, but did not attempt to do so a second time (unlike the other three defendants). As with the other three defendants, plaintiff improperly attempted to serve process on MILA. Plaintiff thus has until March 30, 2010, to perfect service of process on MILA also.