IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Molly Harris-Gordon,                                 Case No. 3:09CV2700

            Plaintiff

v.                                                  ORDER

Mortgage Electronic
      Registration Systems, et al.,

            Defendants

This is a suit by a foreclosed-on former homeowner against various parties allegedly involved in various transactions relating to her mortgage. At its core, plaintiff's contention is that the principal of one of the defendants, MILA, Inc., converted plaintiff's mortgage payment(s) for his personal use, so that she went into default. In general, plaintiff alleges various causes of action under federal civil and criminal law. [Doc. 38-1].

Plaintiff initially filed suit *pro se*. While she was still in that capacity, the defendant Clunk Law Firm moved to dismiss. I granted that motion due to the insufficiency of the allegation against the law firm (namely, that plaintiff had failed to allege her claim of fraud against the firm with the specificity demanded by Fed. R. Civ. P. 9(b)). [Doc. 21]. I also struck plaintiff's notices of default and denied her motion for default judgment as to the putative mortgage holder and registration system on the basis that plaintiff had not properly perfected service as to those entities. [*Id*.].

Plaintiff thereafter retained counsel, who moved for reconsideration of my order. [Doc. 24]. I granted leave *sua sponte* for further briefing as to that motion, which is now decisional.

Plaintiff first seeks reinstatement of the notices of default and entry of default judgment. She points out that, contrary to the defendants' allegations and my understanding, plaintiff had properly perfected service of process prior to filing the notices of default and request for entry of default judgment.

While that may be so, the defendants have, in the meantime, accepted service of process *via* plaintiff's counsel and filed their answers to the complaint. Defaults are not favored, and I perceive no prejudice to the plaintiff if these defendants are able to defend on the merits. Plaintiff's motion to reconsider, which I deem to be a motion to reinstate the defaults and enter judgment accordingly, shall be overruled.

Plaintiff seeks reconsideration and vacation of the dismissal of the law firm. On review of her [Proposed Second] Amended Complaint [Doc. 38-1], I find the allegations against the law firm still to be insufficient under Rule 9(b).

The only precatory allegation against the defendant in the [Proposed Second] Amended Complaint appears at ¶ 72, and states, *in toto*: "Defendant Clunk Law Firm filed the fraudulent transfer on behalf of Defendants Mila Inc. and MERS in furtherance of the criminal enterprise in violation of 11 U.S.C. §548 and 18 U.S.C. 96 §1956."

This allegation is entirely insufficient to state a cause of action against the law firm for fraud under Rule 9(b). Even taking into account the generalized, conclusory allegations of conspiracy involving "the defendants" as a lumped-together group (¶¶ 29, 41, 55), the complaint fails to satisfy Rule 9(b).

Under Rule 9(b), in any complaint averring fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity." Interpreting Rule 9(b), the Sixth Circuit has explained that a plaintiff must specifically "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir.1993)). Plaintiff's complaint does not include the time, place or content of the alleged misrepresentation and speaks only generally to any fraudulent scheme or fraudulent intent.

There has been no response to plaintiff's motion to stay "the case" in light of the bankruptcy filing by defendant MILA, Inc. [Doc. 35]. Though not so limited by its own terms, that motion appears limited to staying the proceedings against that defendant. In any event, I see no basis in the motion or any other reason not to adjudicate the other pending motions.

It is, therefore

ORDERED THAT:

1. Plaintiff's motion to reconsider the dismissal of the Clunk Law Firm [Doc. 24] be, and the same hereby is overruled;

2. Plaintiff's motion to reinstate her notices of default and enter default judgment [Doc. 25] be, and the same hereby is overruled; and

3. Plaintiff's motion to stay case [Doc. 35] be, and the same hereby is granted with regard to her claims against defendant MILA, Inc., and denied as to the other remaining defendants.

A status/scheduling conference is set for June 21, 2010 at 2:00 p.m. (out of town counsel being permitted to participate by telephone); prior to said conference counsel to confer re. proposed schedule, etc.

So ordered.

s/James G. Carr
United States District Judge