IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Molly Harris-Gordon,      Case No. 3:09CV02700

    Plaintiff

v.     ORDER

Mortgage Electronics Registration Systems, et al.,

    Defendant

This is a suit by a homeowner against two mortgage servicing entities and other defendants. Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is a motion for summary judgment by defendants Mortgage Electronics Registration Systems [MERS] and Wealthbridge Mortgage [Wealthbridge]. [Doc. 50]. Also pending is plaintiff's motion for preliminary injunction. [Doc. 48]. For the reasons discussed below, defendants' motion is granted. Plaintiff's motion is denied.[1]

### Background

Plaintiff Harris-Gordon filed an amended complaint on April 22, 2010. [Doc. 38-1]. Plaintiff's claims stem from a 2005 foreclosure on plaintiff's property, in which defendant Mortgage Electronics Registration Systems (MERS), as nominee for Mila, Inc., filed the complaint. [Doc. 50].

---

[1] In light of the dismissal of plaintiff's complaint, the motion for preliminary injunction is moot.

The foreclosure took place in the Lucas County, Ohio, Court of Common Pleas. Plaintiff failed to answer the complaint. On July 22, 2005, the court entered a default judgment against plaintiff and decree of foreclosure. [Doc. 50-1].

Plaintiff then filed for bankruptcy, receiving a discharge on June 20, 2008, of her liability of all debts, including the mortgage debt that was the subject of the foreclosure. [Doc. 50 at 5]. The foreclosure sale occurred on June 9, 2010. *Id.*

Plaintiff's complaint alleges various frauds, conversion and theft of mortgage payments by the defendants arising from the underlying mortgage loan and ensuing foreclosure action. [Doc. 38-1]. Plaintiff's alleges: 1) MERS filed the foreclosure action while falsely claiming to hold the mortgage on plaintiff's property; 2) defendants conspired to conceal from plaintiff which party possessed the mortgage note; 3) defendants did not properly credit plaintiff's mortgage payments; 4) defendants fraudulently collected mortgage payments; and 5) MERS fraudulently transferred the mortgage note to defendant Wealthbridge. Plaintiff seeks damages in the amount of $350,000, plus injunctive relief.

Defendants seek summary judgment on the basis that plaintiffs' claims relate to, and plaintiff should and could have asserted them in the state court foreclosure action, so that res judicata and judicial estoppel preclude her suit here. Plaintiff contends that under Ohio law, a default judgment resulting from a failure to answer a complaint is not preclusive for res judicata purposes.

## Standard of Review

A party is entitled to summary judgment under Fed. R. Civ. P. 56 if the nonmoving party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant initially must show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets the initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, the court must accept the nonmoving party's evidence as true and construe all evidence in the nonmoving party's favor. *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of material fact. *Celotex*, *supra*, 477 U.S. at 323.

## Discussion

### 1. Res Judicata

The doctrine of res judicata prevents repeated attacks on a final judgment and precludes litigation of any claim that could have been litigated in an earlier case. *Fed. Deposit Ins. Corp. v. Willoughby*, 19 Ohio App. 3d 51, 54 (1984) (citing *Stromberg v. Bd. of Educ.*, 64 Ohio St. 2d 98 (1980)). Res judicata promote judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties or their privies. *Parklane Hosiery v. Shore*, 439 U.S. 322, 326 (1979).

To preserve comity and federalism, the Full Faith and Credit statute, 28 U.S.C. § 1738, provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." A federal court refers to the preclusion law of the state in which the original judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

Ohio law recognizes two forms of res judicata: claim preclusion and issue preclusion. *Osborn v. Knights of Columbus*, 401 F. Supp. 2d 830, 832 (N.D. Ohio 2005) (citing *Wead v. Kutz*, 161 Ohio App. 3d 580, 578 (2005)).

Under claim preclusion, "a valid, final judgment [on] the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Osborn, supra*, 401 F. Supp. 2d at 832. The final judgment "is conclusive to all claims which were or might have been litigated in a first lawsuit." *Id*. Claim preclusion applies to the parties to the original lawsuit and any parties in privity with them. *Id*. (citing *O'Nesti v. Bartolo Realty Corp.*, 163 Ohio App. 3d 609 (2005)).

In contrast, issue preclusion refers to "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Marrese*, *supra*, 470 U.S. at 380 (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Issue preclusion provides that if a court decides an issue of fact or law necessary to a judgment, the decision bars relitigation of that particular issue in a future suit involving the same parties or parties in privity with them. *Osborn*, *supra*, at 832 (citing *Rizvi v. St. Elizabeth Hosp. Med. Cent.*, 146 Ohio App. 3d 103, 108 (2001)).

The 2005 foreclosure action against plaintiff resulted in a default judgment. [Doc. 50 at 8]. In Ohio a default judgment may have issue preclusive effect only if the judgment expressly adjudicates an issue. A default judgment based on an unanswered complaint does not constitute an express adjudication. *In re Monas*, 309 B.R. 302, 306-07 (Bankr. N.D. Ohio 2004) (quoting *In re Sweeney*, 276 B.R. 186, 193 (B.A.P. 6th Cir. 2002)).

In this case, the state court default judgment resulted from plaintiff's failure to answer the complaint, not on express adjudication of any issue. [Doc 50 at 5]. Therefore, as plaintiff correctly argues, the default judgment is not issue preclusive and does not bar plaintiff's suit here

This is not so, however, with claim preclusion. Claim preclusion depends only on whether the court entered final judgment, not whether the parties actually litigated a particular claim covered by that judgment.. *See Lewis v. Kizer*, 2003 WL 21904793 (Ohio Ct. App.). A default judgment acts as a valid and final judgment on the merits. *Stand Energy Corp. v. Ruyan*, 2005 WL 2249107, *2 (Ohio Ct. App.). The satisfies the first element of claim preclusion.

Here, plaintiff's default on her mortgage gave rise to both the foreclosure action and her current claims. Plaintiff acknowledges that "the handling of the mortgage on the Property is a subject of this lawsuit," and contests in her complaint whether MERS had "authorization to file the foreclosure." [Doc. 53, at 5]. Plaintiff now attempts to relitigate claims relating to the mortgage loan that was the subject of the foreclosure action in 2005. [Doc. 54 at 5]. These facts satisfy the second element of claim preclusion.

As noted, claim preclusion applies to the parties to the original lawsuit and parties in privity with them. *See, e.g., Osborn, supra*, 401 F. Supp. 2d at 832. On April 18, 2005, defendant MERS filed for foreclosure against plaintiff. [Doc. 38-1 at 3]. Defendant MERS later transferred the note and mortgage to defendant Wealthbridge. [Doc. 38-1 at 7]. Therefore, the parties are either named in the original action, or subsequently acquired an interest in the subject of the action. The third element of claim preclusion is met.

Claim preclusion thus applies here because: 1) the state court's decision granting default judgment for the mortgage lenders was a final decision on the merits; 2) the allegations in the state and federal claims arise out of the same transaction or occurrence; and 3) plaintiff and defendant MERS were parties in the state court action, and Wealthbridge is in privity with MERS. Res judicata bars litigation on any claims that should have been raised by plaintiff in the foreclosure or bankruptcy proceedings.

**2. Judicial Estoppel**

Defendants argue that the doctrine of judicial estoppel bars her claims in light of plaintiff's undisputed failure to disclose her current claims in her bankruptcy proceedings. Plaintiff seeks to overcome defendants' judicial estoppel argument on the basis of unawareness of the claim against MERS during the bankruptcy proceedings.

The judicial estoppel doctrine bars later assertion in a later suit of claims that are inconsistent with claims by that party in an earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). This discretionary equitable doctrine prevents manipulation of the judicial process. *Id.*

Every debtor in bankruptcy has must schedule her assets, including claims against a mortgage lender. *Tennyson v. Challenge Realty*, 313 B.R. 402, 406 (Bankr. W.D. Ky. 2004) (citing 11 U.S.C. § 521(1)). Failure to list a claim operates as a representation that the claim does not exist. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006).

Plaintiff failed to list her claims against MERS and Wealthbridge in her bankruptcy schedules. Having suffered foreclosure in 2005, plaintiff knew, or should have known about these claims when she filed for bankruptcy in 2008. Her current claims against the mortgage lenders are necessarily inconsistent with the earlier assertion that no such claim existed.

Plaintiff's alleged ignorance as to the identities of the holders of her mortgage is not determinative. She knew who brought the foreclosure action and of the existence of the underlying note and mortgage. At the very least, she had to list parties known or believed by her as to whom she had claims arising from the foreclosure proceeding. Plaintiff is estopped from raising her instant claims against defendants, MERS and Wealthbridge.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT defendants' motion for summary judgment [Doc. 50] be, and the same hereby is granted.

So ordered.

s/James G. Carr  
United States District Judge